FILED

JUL 09 2021

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
　　　　　DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | W-16-CR-39(1)-AM |
| DANIEL THOMASON SMITH. | § | |

## ORDER DENYING MOTION FOR HOME DETENTION

**BEFORE THE COURT** is Defendant Daniel Thomason Smith's Motion to Compel Immediate Home Confinement Pursuant to [the] Elderly Offender Home Detention Program (ECF No. 363). The United States of America opposes the Motion (ECF No. 364). After due consideration, the Motion is **DENIED**.

The Defendant is a sixty-year-old prisoner serving a 324-month sentence for multiple health care fraud offenses. (ECF No. 283, Am. J. Crim. Case). He is currently confined at the Federal Correctional Institution in Beaumont, Texas. Bureau of Prisons, Inmate Locator, https://www.bop.gov/inmateloc/ (search for Reg. No. 29163-380) (last visited June 24, 2021). His projected release date is June 27, 2039. *Id*.

Under the under the Elderly Offender Home Detention Program (EOHDP), 34 U.S.C. § 60541(g), the Attorney General "shall conduct a pilot program to determine the effectiveness of removing eligible elderly offenders and eligible terminally ill offenders from Bureau of Prisons facilities and placing such offenders on home detention until the expiration of the prison term to which the offender was sentenced." 34 U.S.C. § 60541(g)(1)(A) (emphasis added). In addition, "the Attorney General may release some or all eligible elderly offenders and eligible terminally ill offenders from Bureau of Prisons facilities to home detention, upon written request from either the Bureau of Prisons or an eligible elderly offender or eligible terminally ill offender." *Id*. § 60541(g)(1)(B) (emphasis added). In order to qualify for the pilot EOHDP,

the elderly offender must (1) be "not less than 60 years of age"; (2) not have a conviction for a crime of violence or sex offense; (3) have "served 2/3 of the term of imprisonment to which the offender was sentenced"; (4) have never tried to escape; (5) save the Bureau of Prisons money through his home detention; and (6) receive a determination by the Bureau of Prisons that he will "be at no substantial risk of engaging in criminal conduct or of endangering any person or the public if released to home detention." *Id.* § 60541(g)(5)(A).

It has long been settled that the Attorney General has "exclusive authority and discretion to designate the place of an inmate's confinement." *Zheng Yi Xiao v. La Tuna Fed. Corr. Inst.*, EP-19-CV-97-KC, 2019 WL 1472889, at *3 (W.D. Tex. Apr. 3, 2019) (emphasis added) (citing *Moore v. United States Att'y Gen.*, 473 F.2d 1375, 1376 (5th Cir. 1973); *Ledesma v. United States*, 445 F.2d 1323, 1324 (5th Cir. 1971)); *see* 18 U.S.C. § 3621(b). Hence, the EOHDP gives only the Attorney General, and by delegation the BOP, the authority to grant release to home confinement under the EOHDP. 34 U.S.C. § 60541(g)(1). Moreover, the BOP has "sole discretion" to determine if an offender has a history of violence, clearly foreclosing the courts from making an alternative finding. *See* 34 U.S.C. § 60541(g)(5)(A)(iv); *Melot v. Bergami*, 970 F.3d 596, 600 (5th Cir. 2020) ("[W]e conclude that Congress has vested the executive branch, not the judicial branch, with the power to decide which prisoners may participate in the Program.")

Consequently, because the Court does not have the statutory authority to grant Defendant's Motion to place him in home confinement (ECF No. 363), it is **DENIED**.

SIGNED and ENTERED on this 7th day of July 2021.

_____
ALIA MOSES
United States District Judge