IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| DANIEL THOMASON SMITH, | § | |
| | § | |
| Petitioner | § | |
| | § | Criminal Action No. |
| v. | § | 6:16-CR-0039-AM-1 |
| | § | |
| UNITED STATES OF AMERICA, | § | Civil Action No. |
| | § | 6:20-CV-0626-AM |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Daniel Thomason Smith's ("the Petitioner") Petition to Vacate his conviction pursuant to 28 U.S.C. § 2255. (ECF No. 340.) Having considered the Petition, the arguments of the parties, the relevant law, and for the reasons stated herein, the Petition is DENIED.

### I. BACKGROUND

The record in the underlying criminal case reflects the following:

The Petitioner was convicted following a five-day jury trial of all counts in a twenty-one count indictment, which primarily centered on a Medicare/Medicaid fraud scheme whereby a criminal enterprise that included the Petitioner would submit healthcare claims for products there were not ever provided to clients. (ECF No. 355 at 1; ECF No. 221 at 6–8.)

The Petitioner, as the leader of the organization, but responsible for the overall operation as well as recruitment of his eventual co-defendants. (ECF No. 221 at 10–11.) The total fraud amount was estimated at nearly $5 million. (*Id.* at 11.) The Petitioner is presently serving a 324-month prison sentence imposed by the Court on February 23, 2017. (ECF 355 at 2.)

## II. GROUNDS OF THE PETITION

The Government, in responding to the Petition, correctly characterizes it as "pseudo-legal gibberish." (*Id.* at 1.) However, with some difficulty, the Court has divined a single argument: there was insufficient evidence of intent introduced at trial to sustain his conviction.[1] (ECF 340 at 3.)

## III. STANDARDS OF REVIEW

Our federal Supreme Court has directed lower courts to presume that a defendant stands fairly and finally convicted after the exhaustion of any direct appeal. *United States v. Frady*, 456 U.S. 152, 164–65 (1982). Challenges to a conviction or sentence made after it is presumed are limited only to those defects of constitutional or jurisdictional magnitude. *Williams v. United States*, 2023 WL 8359979, at *1 (N.D. Tex. Nov. 1, 2023). Additionally, issues may not be raised in the § 2255 context for the first time without a showing of cause for the procedural default and actual prejudice resulting therefrom. *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). Failing that, the movant must make a showing of actual innocence. *Murray v. Carrier*, 477 U.S. 478, 496–97 (1986).

Importantly, § 2255 is not an avenue available to remedy trial errors of an ordinary variety. Instead, it is reserved only for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). Put another way, defendants may not use a § 2255 to do the work of a direct appeal. *Davis v.*

---

[1] The Court notes that the Government identifies and responds to three additional grounds: ineffective assistance of counsel, jurisdiction, and excessive sanctions. The Court is of the view that the Petitioner does not set forth independent ineffective assistance of counsel or excessive sanctions claims, but rather makes generalized statements not in service to a larger argument. The Court need not credit or discuss arguments as to jurisdiction. *United States v. Madkins*, 14 F.3d 277, 278–79 (5th Cir. 1994) (rejecting original jurisdiction arguments on collateral attack as frivolous).

*United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Indeed, if issues are raised and considered on direct appeal, they may not later be re-urged in a § 2255 collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979).

### IV. ANALYSIS

As an initial matter, the Court notes that the Petition is almost certainly barred by the requirement of § 2255 that claims be brought within one year of the conviction becoming final. The Amended Judgment and Commitment underlying the Petition was filed on March 23, 2017. (ECF No. 355 at 1.) The Petitioner took no appeal, so the Petition must have been brought within one year of that date, which it was not. The Petitioner may escape this bar by alleging actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). This means the Petitioner must show literal, factual innocence, not mere legal invalidity. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

The Petitioner's sole claim is that his conviction was obtained without adequate evidence regarding his intent. (ECF No. 340 at 3, 4.) Caselaw makes clear that arguments regarding the sufficiency of the evidence are not properly raised in collateral attack. *Forrester v. United States*, 456 F.2d 905, 907 (5th Cir. 1972). Thus, even if the Petitioner had raised the specter of actual innocence, his Petition would fail because he has not brought a claim that is cognizable under § 2255.

### V. CERTIFICATE OF APPEALABILITY

Additionally, the Court denies a certificate of appealability. A district court may deny a certificate of appealability ("COA") *sua sponte* and without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§

2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Petitioner has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" or "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## VI.  CONCLUSION

For the foregoing reasons, the Petition to Vacate pursuant to 28 U.S.C. § 2255 is DENIED. Likewise, a certificate of appealability is DENIED and the case is DISMISSED. All relief requested by the Petitioner in various motions he has filed is DENIED.

Judgment is rendered accordingly.

The Clerk is directed to terminate all pending motions and close this case.

SIGNED and ENTERED on this 6th day of February 2024.

_____
ALIA MOSES
Chief United States District Judge